## Dalton Adding Machine Company, Appellant, v. A. A. Sherrard et al., Appellees.

### Gen. No. 23,078. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the March term, 1917. Reversed and judgment here. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

### Statement of the Case.

Action of trover by the Dalton Adding Machine Company, a corporation, plaintiff, against A. A. Sherrard, Central Trust Company of Illinois and Adolph Gohl & Company, a corporation, defendants, to recover an adding machine belonging to plaintiff and sold by defendant Central Trust Company, receiver and trustee in bankruptcy of Walther & Lucas Company, to whom the machine had been loaned, to defendant A. A. Sherrard as agent for defendant Adolph Gohl & Company. From a judgment finding defendants not guilty, plaintiff appeals.

THURMAN, HUME & KENNEDY, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellees; CLARENCE J. SILBER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. BANKRUPTCY, § 38*—*when decree of referee in bankruptcy as to title to property purchased from receiver is res judicata as to purchaser and agent.* In an action of trover against a receiver in bankruptcy, and the purchaser of property belonging to plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the receiver, and the agent of the purchaser, a certified copy of a verified petition filed by plaintiff in the bankruptcy proceedings, the answer of the receiver and the order and decree by the referee finding ownership in plaintiff is *res judicata* as against the purchaser and his agent and admissible in evidence where the agent had notice that the property belonged to plaintiff, owing to the fact that the property was described in the receiver's inventory as property alleged to belong to third parties.

2.  BANKRUPTCY, § 35*—*when agent purchasing property from receiver deemed to have notice of rights of third person.*  One who, as agent for another, purchases property from a receiver in bankruptcy, listed in the receiver's inventory as property alleged to belong to third persons, must be deemed to have notice that the property belongs to one making claim thereto in bankruptcy proceedings.

3.  PRINCIPAL AND AGENT, § 200*—*when notice to agent is notice to principal.*  Notice to an agent of the rights of a third person in property purchased for the principal from a receiver in bankruptcy is notice to the principal.

4.  BANKRUPTCY, § 30*—*what is effect of sale by receiver of property not owned by bankrupt.*  Where a bankrupt has no title to personal property, a sale by the receiver in bankruptcy does not deprive the owner of any right thereto.

5.  TROVER AND CONVERSION, § 3*—*what constitutes joint conversion of property purchased from receiver in bankruptcy.*  Where a receiver in bankruptcy sells personal property belonging to another as property of the bankrupt to the agent of another person, and the principal refuses to deliver the property, on demand, there is a joint conversion, rendering the receiver, agent and principal jointly liable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.